**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **STEWARD ABRAMSON and** | ) | |
| **MARK FITZHENRY, individually and** | ) | |
| on behalf of a class of all persons and | ) | |
| entities similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 19 C 6318 |
| | ) | |
| v. | ) | **Magistrate Judge Jeffrey Cole** |
| | ) | |
| **GOHEALTH LLC, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

The motion of Defendant, Ideal Health Benefits, to bifurcate discovery under Fed.R.Civ.P. 42(b) [Dkt. #114] is denied for the following reasons.

District courts have vast (though not limitless, of course) discretion in discovery matters, including tailoring and dictating its sequence. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *James v. Hyatt Regency Chi.*, 707 F.3d 775, 784 (7th Cir. 2013). Although the Federal Rules of Civil Procedure do not explicitly allow for bifurcated discovery – and that includes Fed.R.Civ.P. 42, upon which Defendant relies – a court has discretion to bifurcate discovery. *Ocean Atl. Woodland Corp. v. DRH Cambridge Homes, Inc.*, 2004 WL 609326, at *2 (N.D. Ill. 2004) (citing cases). As it is a discretionary decision, two decision-makers can, on the same record, theoretically arrive at different results, yet both be upheld on appeal. Indeed, "'[t]he very exercise of discretion means that persons exercising discretion may reach different results from exact duplicates. Assuming each result is within the range of discretion, all are correct in the eyes of the law.' " *McCleskey v. Kemp*, 753 F.2d 877,

891 (11th Cir. 1985), *aff'd, McCleskey v. Kemp*, 481 U.S. 279, 289-290, 107 S.Ct. 1756, 95 L.Ed.2d 262 (1987). *Accord Mejia v. Cook County, Ill.*, 650 F.3d 631, 635 (7th Cir. 2011); *United States v. Banks*, 546 F.3d 507, 508 (7th Cir.2008). Cf. *United States v. Bullion*, 466 F.3d 574, 577 (7th Cir.2006) (Posner, J.) ("The striking of a balance of uncertainties can rarely be deemed unreasonable....").

The Defendant offers several reasons why bifurcation is necessary and appropriate in this case. It claims bifurcation will promote convenience, expeditiousness and judicial economy and avoid needless prejudice. According to Defendant, focused discovery on two issues will quickly show Plaintiff's claims to be demonstrably meritless: (1) the calls alleged were not made using ATDS as that term has been recently interpreted by the Seventh Circuit in *Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458 (7th Cir. 2020); and (2) Plaintiffs have consented to receiving the calls. [Dkt. #114, at 2, 5]. But a motion to dismiss can be filed without discovery, as it tests not the underlying facts, but the allegations. And, similarly, the Defendant can file a motion for summary judgment at any time. It may need some evidence in addition to what it claims it already has, but it has repeatedly told the court that it would need only a brief period of targeted discovery to get what it needs. [Dkt. #114, at 5, 7, 9]. As *Gadelhak* was issued 6 months ago, shortly before Defendant was added to this litigation, much could have been accomplished already. The timing of a motion to dismiss or for summary judgment is and has been in Defendant's hands, and Defendant's counsel can certainly streamline and prioritize Defendant's discovery to allow Defendant to file any dispositive motions as early as possible.[1] As such, the amount of class-wide discovery Defendant will have to deal with is

---

[1] Although Defendant suggests that the *Gadelhak* decision will dictate a dismissal of the Complaint [Dkt. # 114, at 9("Ideal Health strongly suspects that it will be established that the Plaintiffs' individual

(continued...)

in its hands as well. The more efficiently and cooperatively it moves, the less it will have to deal with.

It has been said that discovery is the bane of modern litigation. *Rossetto v. Pabst Brewing Co.*, 217 F.3d 539, 542 (7th Cir. 2000). This adage is often proven by class litigation and, surprisingly, especially by TCPA class litigation. *See, e.g., Walton v. First Merch.'s Bank*, _Fed.Appx._, 2020 WL 3791946, at *2 (7th Cir. 2020). We say surprisingly with an eye toward Fed.R.Civ.P. 26(b)(1)'s admonition that discovery be proportional to the needs of the case, considering the importance of the issue at stake in the action. The Plaintiffs are attacking a nuisance, to be sure, but it would appear that the real damage is minimal. Of course, the Congress was certainly aware of all this when it enacted the statute involved. On the other side, it is something of a mystery why companies insist on engaging in these seemingly scattershot and Congressionally condemned sales tactics. Thus, given Rule 26(b)(1)'s insistence on proportionality, discovery ought to be smooth and uncomplicated. But, it seldom is. On the contrary, it is often the case that both sides in these battles adopt a scorched earth strategy. And therein lies the rub. In the court's experience – and in the experience of many other courts and commentators – bifurcation of discovery breeds yet another layer of contentiousness. As the Manual for Complex litigation points out:

> There is not always a bright line between the two. Courts have recognized that information about the nature of the claims on the merits and the proof that they require is important to deciding certification. Arbitrary insistence on the merits/class discovery distinction sometimes thwarts the informed judicial assessment that current class certification practice emphasizes.

Federal Judicial Center, Manual for Complex Litigation, Fourth, § 21.14 Precertification Discovery

---

[1](...continued)

claims are ripe for dismissal . . . .")], Defendant has already filed a Motion to Dismiss, making no mention of *Gadelhak*. [Dkt. ##104, 105]. Thus, the impression – which could, of course, be mistaken – is that Defendant is likely to take a death by a thousand paper cuts approach to litigation, including discovery whether bifurcated or not.

256 (2004); *see also* Fed.R.Civ.P. 23(c)(Advisory committee notes)("Active judicial supervision may be required to achieve the most effective balance that expedites an informed certification determination without forcing an artificial and ultimately wasteful division between 'certification discovery' and 'merits discovery.'")

And, so, court after court denies these motions, questioning the proposition that they lead to expediency or judicial economy. *In re Groupon, Inc. Sec. Litig.*, 2014 WL 12746902, at *4 (N.D. Ill. 2014)(". . . several courts have noted that bifurcation can actually increase the costs of litigation because of disputes over what constitutes merits and what constitutes class discovery."); *Quinn v. Specialized Loan Servs., LLC*, 321 F.R.D. 324, 327–28 (N.D. Ill. 2017) (observing that bifurcation "may give rise to disputes over whether a particular discovery request relates to the merits or to class certification"); *Rolan v. E.I. Du Pont De Nemours & Co.*, 2019 WL 8111972, at *3 (N.D. Ind. 2019)("... there is nothing to gain in terms of judicial economy by bifurcating discovery, ..."); *True Health Chiropractic Inc. v. McKesson Corp.*, 2015 WL 273188, at *2 (N.D. Cal. 2015) (denying motion to bifurcate TCPA action between class and merits discovery because "bifurcation could raise a slew of issues as to what discovery relates to the class, as opposed to the named Plaintiffs, thereby causing additional litigation regarding the distinction between the two."); *Jawk Enterprises, LLC v. Greenlight Energy, Inc.*, 2019 WL 5881752, at *3 (E.D.N.Y. 2019); *Ahmed v. HSBC Bank USA, Nat'l Ass'n*, 2018 WL 501413, at *3 (C.D. Cal. 2018); *Munoz v. PHH Corp.*, 2016 WL 10077139, *4 (E.D. Cal. 2016) ("Courts have repeatedly acknowledged that there is no clear-cut division between discovery that relates to class certification and discovery that relates to the merits."); *In re: Riddell Concussion Reduction Litig.*, 2016 WL 4119807, *2 (D.N.J. 2016) (explaining that the court had previously declined to bifurcate discovery because "more often than not there is no 'bright line'

4

between class certification and merits issues."); *Burges v. BancorpSouth, Inc.*, 2015 WL 13628132, *4 (M.D. Tenn. 2015)(noting the additional motion practice bifurcation issues create); *City of Pontiac General Employees' Retirement System v. Wal–Mart Stores, Inc.*, 2015 WL 11120408, *1–2 (W.D. Ark. 2015) (bifurcation may force the court to resolve "endless discovery disputes"). *Lakeland Regional Medical Center, Inc. v. Astellas US, LLC*, 2011 WL 486123, *2 (M.D. Fla. 2011) ("Simply stated, if district courts as neutral arbiters of the law find the distinction between merits and class issues to be murky at best, and impossible to discern at worst, the Court cannot imagine how parties with an incentive to hold back damaging evidence, can properly draw the line between these categories of evidence during 'phased' discovery."); *In re Hamilton Bancorp, Inc. Sec. Litig.*, 2002 WL 463314, at *1 (S.D. Fla. 2002) ("[B]ifurcation may well increase litigation expenses by protracting the completion of discovery, coupled with endless disputes over what is 'merit' versus 'class' discovery.").

On the other side, bifurcation of discovery in this case could only be based on guesswork. Will the Defendant find what it claims to be looking for? Will it do so quickly? Will it file a dispositive motion quickly? Are the merits-based theories it is espousing valid? Will its motion be successful? It is common for a Defendant seeking bifurcation to "paint a dismal picture of Plaintiffs' prospects." *Tait v. BSH Home Appliances Corp.*, 289 F.R.D. 466, 488 (C.D. Cal. 2012); *see also Tyus v. Wendy's of Las Vegas, Inc.*, 2017 WL 3026403, *5 (D. Nev. 2017) ("Plaintiffs do not have the benefit of discovery into the merits of a case at the class certification stage and Defendants frequently have withheld exactly the information needed to prove Plaintiffs' case because it is common in putative class actions for Defendants to seek 'bifurcated discovery' between class certification and merits issues, and this bifurcation results in a limited record at the class certification

stage."). The Plaintiff, of course, has a completely different take on those questions, perhaps rightfully so. But all that is just speculation about future outcomes. Accordingly, as between a possibility dependent on several variables, and experience with the usual course of things in cases like these, the surer answer for the court – and for the other cases in the court's queue, *see Pratt Cent. Park Ltd. P'ship v. Dames & Moore, Inc.*, 60 F.3d 350, 352 (7th Cir. 1995) – is to deny the Defendant's motion.

**ENTERED:** _____
**UNITED STATES MAGISTRATE JUDGE**

**DATE:** 9/1/20

6